UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : : : | |
| v. | : : | Civil No. 3:20CV240 |
| $9,655.00 IN UNITED STATES CURRENCY, | : : : | |
| AND | : : | |
| $9,453.00 IN UNITED STATES CURRENCY, | : : : | |
| Defendants. | : : | February 20, 2020 |
| [CLAIMANTS: ERIC RIOS AND GIOVANNI TORRES] | : : | |

VERIFIED COMPLAINT OF FORFEITURE

The plaintiff, United States of America, by and through its attorneys, John H. Durham, United States Attorney for the District of Connecticut, and Julie G. Turbert, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Rule G(2) of the Supplemental Rules for Admiralty Maritime and Forfeiture Claims:

NATURE OF THE ACTION

1.     This is a civil action to forfeit and condemn to the use and benefit of the United States of America the following property: $9,655.00 in United States currency and $9,453.00 in United States Currency (Currency Defendants), for violations of 18 U.S.C. § 981(a)(1)(A) or 21 U.S.C. §881(a)(6).

THE DEFENDANTS IN REM

2. The defendants consist of the following: $9,655.00 in United States currency and $9,453.00 in United States currency. The Currency Defendants, $9,655.00 and $9,453.00, were seized from Eric Rios and Giovanni Torres, respectively, at Bradley International Airport in Windsor Locks, Connecticut on May 31, 2019. The Currency Defendants are presently in the custody of Homeland Security Investigations.

3. On November 25, 2019, U.S. Customs and Border Protection received an administrative claim of ownership to the Defendant, $9,655.00 in United States currency, from Eric Rios.

4. On November 25, 2019, U.S. Customs and Border Protection received an administrative claim of ownership to the Defendant, $9,453.00 in United States currency, from Giovanni Torres.

## JURISDICTION AND VENUE

5. Plaintiff brings this civil action *in rem* in its own right to forfeit and condemn the Currency Defendants. This Court has jurisdiction over an action commenced by the United States pursuant to 28 U.S.C. §1345, and over an action for forfeiture pursuant to 28 U.S.C. §1355(a).

6. This Court has *in rem* jurisdiction over the Currency Defendants pursuant to 28 U.S.C. §1355(b). Upon the filing of this verified complaint, the plaintiff requests that the Court issue arrest warrants *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the Currency Defendants pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

7.      Venue is proper in this district pursuant to 28 U.S.C. §1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district, and pursuant to 28 U.S.C. § 1395, because the property is located in this district.

## BASIS FOR FORFEITURE

8.      The Currency Defendants are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) for the forfeiture of property involved in a financial transaction or attempted financial transaction in violation of 18 U.S.C. § 1956, or pursuant to 21 U.S.C. § 881(a)(6) because they constitute (1) money, negotiable instruments, securities and other things of value furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act, 21 U.S.C. §§ 801 et seq.; (2) proceeds traceable to such an exchange; or (3) money, negotiable instruments, and securities used or intended to be used to facilitate any violation of the Controlled Substances Act, 21 U.S.C. §§ 801 et seq.

## SEIZURE OF THE $9,655.00 FROM ERIC RIOS AND $9,453.00 FROM GIOVANNI TORRES

9.      On May 31, 2019, Transportation Security Administration (TSA) agents encountered passengers, Eric Rios and Giovanni Torres, at approximately 8:14 p.m. for a flight scheduled to board at 8:59 p.m. and depart at 9:34 p.m. from Bradley International Airport in Windsor Locks, Connecticut to Puerto Rico. This arrival time is considered to be a short window of time to pass through security screening. TSA recommends a two-hour window for domestic travel and a three-hour window for international flights. Homeland Security Investigation (HSI) investigators are familiar with the methods in which bulk cash smugglers attempt to pressure TSA screeners to clear passengers for flight. One tactic bulk cash smugglers employ is to arrive at the passenger screening area close to the departure time so that TSA screeners will feel

pressured to clear them without referring them to secondary screening so they will not miss their flight.

10. During the checked bag screening process, TSA noticed some anomalies in Giovanni Torres' checked luggage and carry-on backpack. During the secondary screening process, a TSA body scanner technician noticed an unidentified anomaly located within the pants pockets of both Eric Rios and Giovanni Torres, which required TSA to search the pockets. TSA officers asked Rios and Torres to confirm that the unidentified anomalies were not a threat to passengers or the aircraft. The officers searched each of their pockets and discovered bulk cash. The officers asked how much money they had and both Rios and Torres replied around $9,000 each.

11. TSA agents notified Homeland Security Investigations (HSI) and agents from HSI arrived at Bradley International Airport to investigate. HSI agents arrived and interviewed Rios and Torres in a public area of the airport. At no time were Rios or Torres in custody and they were told they were free to leave at any time and free to stop answering questions at any time. While interviewing Torres, HSI's certified narcotics detection canine began to do a free air search and consequently alerted to the bulk cash that belonged to Rios and Torres.

12. Torres voluntarily spoke to the HSI agent about the large amount of cash found in his pants pocket. The agent asked if the bulk currency in his possession was his and the source of the cash. Torres said that he knew the cash was in his pocket and that it was under $10,000. Torres said that he earned the money from cutting hair and selling his ATV. The agent asked how much he made last year cutting hair. Torres said that he did not keep track of his salary and did not file tax returns. Torres also stated that he did not have a license from the City of Hartford

or State of Connecticut to cut hair. Torres said that he did not have a bill of sale for the ATV and did not remember the sale price. Torres said that the money he was carrying was to fix his mother's house in Puerto Rico and maybe for investment property. Torres said that he does not use banks and that the money was at 378 Jefferson Street and was moved from 700 Maple Avenue in Hartford. Torres stated his brother and owner of "Chris Cuts" keeps track of his money and has the "books" to account for the cash.

13. Torres claimed that he did know Rios but that they were not traveling together. Torres said he did not know why Rios was going to Puerto Rico or where he was staying.

14. Eric Rios was approached by another HSI agent and agreed to be interviewed. Rios claimed he was flying to Puerto Rico for vacation. Rios said that he has known Torres for about a year and that he also cuts hair at "Chris Cuts." Rios said that he pays about $150 a month to rent a chair and $200 a month for the equipment. Rios claimed to be a barber even though he is not licensed to cut hair as a barber and has no bank account. Rios stated that Torres invited him to go to Puerto Rico with him, planned this trip 1-2 weeks ago, and that Torres purchased the airline tickets. Rios said that he does not file tax returns and does not claim income through the state or federal. Rios also said that he did not have any baggage or a carry-on bag, which was confirmed by JetBlue Airlines.

15. After the interview ended, the agents observed Rios pick up Torres' suitcase and they walked together to the JetBlue counter.

16. Based on the agents' training and experience, drug trafficking organizations often employ couriers to transport large amounts of currency to areas known to supply narcotics. Puerto Rico is an area that is known to supply narcotics to the United States. Large amounts of

currency are often secreted or concealed in an attempt to avoid detection by TSA or law enforcement.

17. Also based on the agents' training and experience, individuals who are traveling with money that was illegally gained or earned will break up the denominations of money in order to keep them under $10,000, which they believe is under the mandated number to report.

### CRIMINAL HISTORY OF ERIC RIOS AND GIOVANNI TORRES

18. Rios and Torres are known to law enforcement as drug traffickers in the City of Hartford. On January 10, 2019, Eric Rios was arrested by the Hartford and Middletown Police Departments for possession of narcotics.

19. On July 19, 2018, Giovanni Torres was arrested by the Hartford Police Department for possession of narcotics/controlled substance. The charges remain pending. On August 25, 2005, Giovanni Torres was arrested by the Hartford Police Department for possession of narcotics and possession of narcotics within a school zone. The Hartford Police Department has arrested Torres as an adult nineteen times.

### EMPLOYMENT HISTORY OF ERIC RIOS AND GIOVANNI TORRES

20. A search of the State of Connecticut Department of Labor records revealed that the only record of employment in Connecticut for Eric Rios was in the third quarter of 2018, in which he earned $1,158.98. There are no recorded earnings for the fiscal years 2016, 2017, 2019 or first quarter of 2020.

21. A search of the State of Connecticut Department of Labor records revealed that the only record of employment in Connecticut for Giovanni Torres was in the third and fourth

quarters of 2016, in which he earned $1,184.00. There are no recorded earnings for the fiscal years 2017, 2018, 2019 or first quarter of 2020.

## CONCLUSION

22. The Currency Defendants were seized by the Homeland Security Investigations on May 31, 2019, because they constitute property involved in a transaction, or attempted transaction, in violation of 18 U.S.C. § 1956, or constitute (1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act, 21 U.S.C. §§801 et seq.; (2) proceeds traceable to such an exchange; or (3) money, negotiable instruments, and securities used or intended to be used to facilitate a violation of the Controlled Substances Act, 21 U.S.C. §§ 801 et seq.

WHEREFORE, the United States of America prays that Warrants of Arrest In Rem be issued for the Defendants, $9,655 in United States currency and $9,453.00 in United States currency, that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the property to be condemned and forfeited to the United States of America for disposition according to law; and that the United

States of America be granted such other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

                                              Respectfully submitted,

                                              JOHN H. DURHAM
                                              UNITED STATES ATTORNEY


                                              */s/ John B. Hughes*
                                              JOHN B. HUGHES
                                              ASSISTANT U.S. ATTORNEY
                                              CHIEF, CIVIL DIVISION


                                              */s/ Julie G. Turbert*
                                              JULIE G. TURBERT
                                              ASSISTANT U.S. ATTORNEY
                                              ATTORNEY BAR # ct23398
                                              157 CHURCH STREET
                                              NEW HAVEN, CT   06510
                                              TELEPHONE: (203) 821-3700
                                              FAX: (203) 773-5373
                                              EMAIL: Julie.Turbert@usdoj.gov

DECLARATION

I am a Task Force Officer with the Homeland Security Investigations, U.S. Customs and Border Protection, and the agent assigned the responsibility for this case.

I have read the contents of the foregoing Verified Complaint of Forfeiture and the statements contained therein are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 20th day of February, 2020.

        */s/ Zachary Kashmanian*
ZACHARY KASHMANIAN
TASK FORCE OFFICER
HOMELAND SECURITY INVESTIGATIONS
U.S. CUSTOMS AND BORDER PROTECTION